IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-03025-PAB

HIGH COUNTRY CONSERVATION ADVOCATES,
WILDEARTH GUARDIANS,
CENTER FOR BIOLOGICAL DIVERSITY,
SIERRA CLUB, and
WILDERNESS WORKSHOP,

    Plaintiffs,

v.

UNITED STATES FOREST SERVICE,
U.S. DEPARTMENT OF AGRICULTURE,
DANIEL JIRÓN, in his official capacity as Acting Under Secretary of Agriculture for Natural Resources and Environment, U.S. Department of Agriculture,
SCOTT ARMENTROUT, in his official capacity as Supervisor of the Grand Mesa, Uncompahgre, and Gunnison National Forests,
UNITED STATES DEPARTMENT OF THE INTERIOR,
BUREAU OF LAND MANAGEMENT, and
KATHARINE MACGREGOR, in her official capacity as Deputy Assistant Secretary, Land and Minerals Management, U.S. Department of the Interior,

    Defendants.

---

**ORDER**

---

This matter is before the Court on Mountain Coal Company's Unopposed Motion to Intervene as a Defendant [Docket No. 6].

This case challenges regulatory decisions, an exploration plan, and lease modifications that would allow expanded coal exploration in the Sunset Roadless Area on national forest lands in western Colorado. *See* Docket No. 1. Mountain Coal Company LLC ("Mountain Coal") states that it is a leaseholder of one of the modified leases. Docket No. 6 at 2. Mountain Coal seeks leave to intervene as of right pursuant

to Fed. R. Civ. P. 24(a)(2) and to intervene within the court's discretion pursuant to Fed. R. Civ. P. 24(b)(1)(B).

In deciding whether to grant Mountain Coal's leave to intervene as of right, the Court must determine "(1) whether [Mountain Coal] has an interest relating to the property that may, as a practical matter, be impaired or impeded by the disposition of the litigation; and (2) whether the existing parties will adequately represent its interest." *WildEarth Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 995 (10th Cir. 2009). Given plaintiffs' challenge to the lease modifications, the Court finds that Mountain Coal's interest in the modified lease could be impaired by the disposition of this litigation. *See id.* at 995-96 (finding that potential impairment of future mining was sufficient to show potential impairment of interest). Further, the Court finds that Mountain Coal's interests potentially differ from those of the named defendants and, therefore, Mountain Coal "should not be required to rely on the defendants to represent its interests." *Id*. at 997.

Mountain Coal does not attach to its motion a "pleading that sets out the claim or defense for which intervention is sought" as required by Fed. R. Civ. P. 24(c). It requests to be allowed to file such a responsive pleading when the named defendants' pleading is due. Docket No. 6 at 6. Notwithstanding its failure to file a pleading, Mountain Coal has made its claims known in its motion by indicating that it intends to argue for the affirmance of its lease modification. *Id*. at 4; *see also id.* at 5 ("Mountain Coal expects that its argument that Plaintiffs' suit is unfounded will in key respects track the Federal Defendants' Answer when such Answer is filed."); *Barnes v. Harris*, 783 F.3d 1185, 1191 (10th Cir. 2015) ("Treating an intervening entity as a party even if that

2

entity has not filed a pleading is consonant with the Federal Rules."); *cf. Alvarado v. J.C. Penney Co.*, 997 F.2d 803, 805 (10th Cir. 1993) ("However, the [intervenors], once made a party to the litigation, are allowed by Rule 24(c) to make their claims known." (citation omitted)). The Court finds that it is appropriate to grant Mountain Coal leave to intervene as of right and to set a deadline for Mountain Coal to file a responsive pleading more specifically stating its claims and defenses.

For the foregoing reasons, it is

**ORDERED** that, pursuant to Fed. R. Civ. P. 24(a)(2), Mountain Coal Company's Unopposed Motion to Intervene as a Defendant [Docket No. 6] is **GRANTED**. It is further

**ORDERED** that Mountain Coal Company LLC shall be added as a defendant-intervenor in this case. It is further

**ORDERED** that defendant-intervenor Mountain Coal Company LLC's pleading under Fed. R. Civ. P. 24(c) shall be due on the same date as defendants' responsive pleadings are due under Fed R. Civ. P. 12(a). It is further

**ORDERED** that all future pleadings and other filings shall be captioned as shown below:

---

Civil Action No. 17-cv-03025-PAB

HIGH COUNTRY CONSERVATION ADVOCATES,
WILDEARTH GUARDIANS,
CENTER FOR BIOLOGICAL DIVERSITY,
SIERRA CLUB, and
WILDERNESS WORKSHOP,

    Plaintiffs,

v.

UNITED STATES FOREST SERVICE,
U.S. DEPARTMENT OF AGRICULTURE,
DANIEL JIRÓN, in his official capacity as Acting Under Secretary of Agriculture for Natural Resources and Environment, U.S. Department of Agriculture,
SCOTT ARMENTROUT, in his official capacity as Supervisor of the Grand Mesa, Uncompahgre, and Gunnison National Forests,
UNITED STATES DEPARTMENT OF THE INTERIOR,
BUREAU OF LAND MANAGEMENT, and
KATHARINE MACGREGOR, in her official capacity as Deputy Assistant Secretary, Land and Minerals Management, U.S. Department of the Interior,

    Defendants, and

MOUNTAIN COAL COMPANY LLC,

    Defendant-Intervenor.

---

DATED December 19, 2017.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge